JOHN L. BURRIS, ESQ., (BAR NO. 69888)
CHRISTOPHER DEAN,  ESQ., (BAR NO. 550322)
**LAW OFFICES OF BURRIS NISENBAUM CURRY & LACY, LLP**
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email:  John.Burris@johnburrislaw.com
Email: Chris.Dean@bncllaw.com

Attorneys for Plaintiff, Matthew Dorsey

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DORSEY,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, a municipal corporation; and DOES 1-100, inclusively, individually and jointly in their official capacity as agents, employees, and/or servants of the COUNTY OF ALAMEDA,<br><br>            Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## <u>INTRODUCTION</u>

1.      This is an action for damages brought pursuant to Titles 42 U.S.C. §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution for the  City of Alameda deputies  conscience-shocking use of excessive force against Matthew Dorsey (hereinafter, "Plaintiff").

## JURISDICTION

2.    This action arises under Title 42 of the United States Code, §1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Alameda, which is within the judicial district of this Court. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3.    Plaintiff MATTHEW DORSEY, an individual, has been and is a resident of California.

4.    Defendant COUNTY OF ALAMEDA ("COUNTY"), is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the ALAMEDA COUNTY SHERIFF'S OFFICE and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of Defendant COUNTY Police Officers/Deputies, individually and in their official capacity.

5.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

6.    Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely submitted a claim with the Office of the San Leandro City Clerk for the CITY on October 20, 2022.

7. As of December 5, 2022, 45 days passed since Plaintiff submitted the claim and thereafter the claim is deemed rejected by operation of law. Plaintiff has exhausted all administrative remedies pursuant to the California Government Code, § 910, et. al.

8. But for Plaintiff's counsel's inability to ascertain the true identity of the entity responsible for the K9 unit, an administrative complaint against COUNTY would have also been timely filed: On June 29, 2022, Plaintiff's counsel submitted a Public Record Request June 29, 2022 in anticipation of Plaintiff's claims against the officers involved in his mauling by the K9 unit, requesting the names of officers involved in this incident. Plaintiff was not provided with the names of the officers that Plaintiff came in direct contact with on the date of the incident. As a result, Plaintiff was unaware that the CITY officers did not possess the K9 unit and it was indeed the COUNTY Sheriff's Deputies who initially brought and possessed control over the K9.

9. As such, Plaintiff has exhausted all administrative remedies pursuant to the California Government Code, Section 910 et. seq.

**FACTUAL ALLEGATIONS**

10. The incident took place on April 11, 2022, at or near Bay Fair Center in San Leandro, California.

11. The incident arose when Alameda County Deputies came into contact with Plaintiff who eventually surrendered to the deputy officers. On the date of the incident, Mr. Dorsey was allegedly involved with criminal activity ultimately leading to his arrest. However, the issues related to his alleged criminal activity are not the subject of the matter of this lawsuit.

12. On the day of the incident, Mr. Dorsey departed the Bay Fair Mall after law enforcement were called on him for an alleged criminal act. Mr. Dorsey ran through the back of surrounding homes in an attempt to escape the police, eventually hiding out back of an unknown individual's home for about an hour.

13. After approximately an hour, Plaintiff was discovered by the police. Afraid, Plaintiff ran into an adjoining yard where he was met by other Deputy Officers of the COUNTY and San

Leandro Police Department Officers. A yet-to-be identified Deputy Officer ordered Plaintiff to surrender or a K9 unit would be released on him.

14. Without giving Plaintiff a reasonable amount of time to comply and surrender, a yet-to-be identified Deputy Officer authorized and released a K9 onto Plaintiff. The K9 viciously attacked Mr. Dorsey, biting him in his abdomen, left shoulder, right arm, and right hand.

15. Plaintiff was screaming in agony while still being bit and attacked by the K9 while the COUNTY Deputies watched and failed to intervene and/or regain control over the K9. While the K9 was still latched onto Mr. Dorsey's body with its jaws, a yet-to-be identified Deputy Officer commanded Mr. Dorsey to crawl towards them in an attempt to further detain him. Weak and nervously, Plaintiff crawled to the Deputy Officers.

16. Subsequently, Plaintiff was transported to San Leandro Hospital in San Leandro, California, for treatment of his injuries.

### DAMAGES

17. Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a result of Defendants' egregiously violent conduct.

18. As a result of Defendants' completely unnecessary and egregious siccing of a K9 onto Plaintiff who was in the midst of surrendering, Plaintiff suffered from substantial injuries in his abdomen, upper torso, left deltoid, right arm, right hand, right pinky finger, and nervous system. Plaintiff received nine stitches in his right pinky finger, which sustained severe nerve damage affecting its operational use and causing ongoing mobility issues. *This is especially burdensome, as Plaintiff is right-handed.*

19. Given that Plaintiff was transported into custody directly from the Hospital, Plaintiff's counsel is presently unable to obtain copies of his medical records which prove the extent of his ongoing medical treatment and damages. Plaintiff will thus further allege damages pending discovery of these documents.

20. Plaintiff suffered immediate and ongoing severe and extreme emotional distress, trauma, and humiliation from the violent conduct of Defendants, as described herein.

21.    Plaintiff incurred financial damages from this encounter with Defendants, including, but not limited to, medical expenses, loss of income, loss of educational pursuits, and loss of wages.

22.    Defendants' conduct was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against all non-municipal Defendants, in their individual capacities.

23.    Defendants acted maliciously with an intent to harm Plaintiff unrelated to legitimate law enforcement purposes in brutalizing Plaintiff, given all of the options short of excessive force that were available to them, and the lack of cause or threat he posed.

24.    Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code § 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C § 1983)
**(Violation of the Fourth Amendment of the United States Constitution – Excessive Force)**
**(PLAINTIFF against Defendant COUNTY and DOES 1-100)**

25.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26.    Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth and Fourteenth Amendments to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him without due process. The Defendant Officers knew, or should have known, how to use proper force. The State of California requires officers to learn about how to avoid using unreasonable and excessive force. POST Learning Domain 20 states "in all cases the use of force must be reasonable compared to the threat."

27.    Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force against him.

28. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

29. Defendants DOES 1-100 acted under color of law when they brutalized Plaintiff without lawful justification and subjected him to excessive force through the vicious mauling of a K9 unit while Plaintiff was in the act of surrendering, and by further commanding Plaintiff to crawl without first regaining control of the dog.

30. Plaintiff posed no threat to the Defendant Officers and there was no need for the use of any force against Plaintiff because he was cooperative, communicative, and unresisting when he was commanded to surrender.

31. In using excessive force, the Defendant Officers were acting in accordance with widespread practices and customs maintained by the COUNTY.

32. Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

33. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, humiliation, embarrassment and further damages according to proof at the time of trial.

34. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally-protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(42 U.S.C § 1983)**
**(*Monell* – Municipal Liability for Unconstitutional Custom or Policy)**
**(PLAINTIFF against Defendant COUNTY)**

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

Complaint for Damages
*Matthew Dorsey v. County of Alameda, et al.*

36.     On information and belief, Defendants and DOES 1-100 conduct, individually and as peace officers, were ratified by COUNTY, and COUNTY SHERIFF'S OFFICE supervisorial deputy officers and DOES 25-50.

37.     On information and belief, Plaintiff alleges that Defendants were not disciplined for their use of excessive force against Plaintiff.

38.     On and for some time prior to April 11, 2022 (and continuing to the present day) Defendants and DOES 1-100, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution. Defendants and their supervising and managing employees, agents, and/or representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general and of Plaintiff, and of persons in Plaintiff's class, situation, and comparable position in particular; Knowingly maintained, enforced, and applied an official recognized custom, policy and practice of:

a) Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY policies, including the use of excessive force and respect for the Fourth Amendment;

b) Of inadequately supervising, training, controlling, assigning, and disciplining peace officers and/or deputies and other personnel, including Defendants who COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants who are Deputy Officers of COUNTY;

d) By failing to discipline COUNTY employees' conduct, including by not limited to, unlawful seizures, excessive force, and violations of the First and Fourteenth Amendments;

e) By ratifying the intentional misconduct of Defendants and other officers who are Police Officers and/or Sheriff's Deputies of COUNTY;

f) By having and maintaining an unconstitutional policy, custom, and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which is also demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g) By failing to properly investigate Plaintiff's claims of unlawful seizures and excessive force by COUNTY agents and/or employees.

39. By reason of the aforementioned policies and practices of Defendants and DOES 1-100, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his employment and earning capacity for which Plaintiff is entitled to recover damages.

40. Defendants individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with the deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

41. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive,

malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

42.    Furthermore, the policies, practices and customs implemented and maintained are still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential forces behind the injuries of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.    For general damages according to proof;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants DOES 1-100, and/or each of them;

4.    Any and all permissible statutory damages;

5.    For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  April 5, 2024                         **Burris Nisenbaum Curry & Lacy, LLP**

/s/ John L. Burris
John L. Burris
Christopher A. Dean
Attorney for Plaintiff

Complaint for Damages
*Matthew Dorsey v. County of Alameda, et al.*